USCA1 Opinion

 

 April 21, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2085 ADA BAEZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ___________________ Helen E. M. Briganti on brief for appellant. ____________________ Guillermo Gil, United States Attorney, Maria Hortensia Rios, _____________ ____________________ Assistant United States Attorney, and Jan B. Brown, Assistant _____________ Regional Counsel, U.S. Dept. of Health & Human Services, on brief for appellee. __________________ __________________ Per Curiam. The claimant, Ada Baez, has appealed a ___________ district court judgment affirming a decision of the Secretary of Health and Human Services (the Secretary) which denied Baez's application for disability insurance benefits under the Social Security Act, 42 U.S.C. 401 et seq.. The ________ Secretary concluded that Baez was not precluded from performing her past relevant work as a secretary, i.e., ____ review was terminated at Step 4 of the sequential review process. See Goodermote v. Secretary of Health & Human ___ __________ ______________________________ Servs., 690 F.2d 5, 7 (1st Cir. 1982). We have reviewed the ______ parties' briefs and the record on appeal. We affirm the judgment of the district court, entered on August 17, 1993, essentially for the reasons stated in the decision of the administrative law judge dated August 16, 1991. We add the following comments. The issues raised on appeal were not raised in the district court and so are not preserved for our review. See ___ Gonzalez-Ayala v. Secretary of Health & Human Servs., 807 ______________ _____________________________________ F.2d 255, 256 (1st Cir. 1986) (per curiam). In any event, we would not find them meritorious for the following reasons. 1. Step 3 of the sequential evaluation of disability provides that the Secretary will find a claimant disabled if the claimant has an impairment which meets the duration requirement and is listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1") or is equal to a listed impairment. 20 -2- C.F.R. 404.1520(d). Baez argues that (1) a determination of medical equivalency must be made by a physician, (2) no such determination of medical equivalency was made part of the record, and (3) the ALJ's determination that her condition did not equal a listed impairment, made without the testimony of a medical expert at the administrative hearing, was error. We do not quibble with allegation (1), but find fault with contentions (2) and (3). Preliminarily, we note that it is the claimant's burden to show that she has an impairment or impairments that meets or equals a listed impairment in Appendix 1. Torres v. ______ Secretary of Health & Human Servs., 870 F.2d 742, 745 (1st ____________________________________ Cir. 1989) (per curiam). Baez does not even state which of the more than 100 medical listings contained in Appendix 1 she purportedly might equal. In any event, the record contains determinations by a psychiatrist and a psychologist that, insofar as Baez has an affective disorder (Listing 12.04), it is not severe. Record Transcript (Tr.) 128; 142. In other words, it does not pass Step 2 in the sequential _______ analysis, and, a fortiori, it does not meet or equal a listed __________ impairment (Step 3). Thus, contrary to Baez's contention, there was record evidence of a medical judgment that Baez's ___ condition did not meet or equal a medical listing. Her resulting contention - that the lack of record evidence on the issue of medical equivalency required a physician's -3- testimony at the hearing - based as it is on an erroneous premise, necessarily falls. 2. Contrary to Baez's allegation, the ALJ's evaluation of her complaints of pain comported with our decision in Avery v. Secretary of Health & Human Servs., 797 F.2d 19 (1st _____ __________________________________ Cir. 1986). 3. Baez complains that the ALJ's decision does not address a residual functional capacity (RFC) assessment from her treating physician. The document she references (Tr. 258) is an RFC form signed by a physician whose signature is illegible and whose name Baez does not provide. It is dated June 10, 1986 - a date within a previously-adjudicated period of nondisability and prior to any possible period of disability at issue here (May 27, 1988 through December 31, 1990). It is unaccompanied by any report explaining the basis for the RFC limitations noted thereon. There was no error in the ALJ's failure to address this document. 4. Baez contends that, in determining that Baez could perform her past relevant work as a secretary, the ALJ failed to consider the restrictions posed by her emotional condition and the pain she feels in her hands and from prolonged sitting. Baez is wrong. It is clear from the ALJ's decision that he evaluated her allegations of pain and mental impairment. He concluded, nonetheless, that Baez is not precluded from performing her past job as a secretary. There -4- is substantial evidence to support that conclusion. See, ____ e.g., Tr. 168; 234-40; 241-48. ____ Judgment affirmed. __________________ -5-